UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CHRISTOPHER D. WHITE,                      CIVIL NO. 10-501 (JRT/JSM)

    Petitioner,

v.                                         <u>REPORT AND RECOMMENDATION</u>

Mr. BRIAN R. JETT/ Warden,
Mr. ERIC HOLDER / Attorney General of
U.S. and Mr. LAPIN/ Director of FBOP,

    Respondents.

JANIE S. MAYERON, United States Magistrate Judge.

This matter is before the undersigned Magistrate Judge of the District Court on Petitioner Christopher D. White's application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 1] and Pro-Se Motion for Summary Judgment / Time Default / pursuant to 28 U.S.C. § 2243 [Docket No. 7].

Petitioner claims that the Federal Bureau of Prisons ("BOP") failed to give him credit toward his current federal prison sentence for certain time he was out on bond prior to entering prison and was under house arrest with electronic monitoring, and that as a result, he will be kept in prison beyond his proper release date. Petitioner has also challenged the conviction and sentence of his underlying offense, and seeks summary judgment on his Petition on the basis that Respondents did not timely respond to his Petition.

Respondents opposed the Petition, arguing it should be dismissed because Petitioner failed to exhaust his administrative remedies. Alternatively, on the merits, Respondents claimed that Petitioner has been given all credit for pre-sentence time that he is due, and that Petitioner's challenge to his conviction and sentence is not properly

before this Court on a § 2241 habeas petition. Respondents further submitted that Eric Holder and Mr. Lappin are not proper parties and should be dismissed.[1]

The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c).

**I.   BACKGROUND**

Petitioner, Christopher D. White, is presently incarcerated at the Federal Medical Center in Rochester, Minnesota. Declaration of Angela Buege ("Buege Decl."), ¶ 3. On October 19, 2007, Petitioner entered a plea and was sentenced in the United States District Court for the District of Maryland to 60 months imprisonment and 4 years supervised release for Conspiracy to Distribute and Possession with Intent to Distribute Cocaine. Id.

The facts bearing on the computation of Petitioner's pre-sentence credit are as follows.

On August 28, 2006, Petitioner committed the federal offenses for which he is currently serving time. Id., Attachment ("Attach.") A (Public Information Data), p. 3. This is the date Petitioner was arrested by the Baltimore, Maryland Police for Distribution of Narcotics, Possession of Marijuana, Possession of Marijuana, Possession of Paraphernalia, Use of Firearm/Drug Trafficking Crime, and Narcotics Possession with Intent to Distribute a Large Amount. Id., ¶ 4. On September 2, 2006, Petitioner was released on bond from the Maryland authorities. Id.

On February 21, 2007, Petitioner was arrested by federal law enforcement for cocaine distribution. Id., ¶ 5, Attach. B (United States Marshall Service Prisoner

---

[1]   Respondents did not respond to Petitioner's motion for summary judgment. On the other hand, the Certificate of Service filed by Petitioner [Docket No. 9], does not indicate that he served Respondents with the motion.

Tracking System Form). On February 22, 2007, Petitioner was released from federal custody on bond and subjected to pretrial supervision with electronic monitoring. Id.; see also Docket No. 1-4, at 1 of 32. On October 19, 2007, Petitioner was sentenced and was ordered to surrender himself to FCI Morgantown on January 4, 2008. Id., ¶ 6, Attach. C (Judgment and Commitment Order). On January 4, 2008, Petitioner surrendered himself to FCI Morgantown. Buege Decl., ¶ 6, Attach. A.

Petitioner's sentence computation was completed on the day he surrendered to FCI Morgantown. Id., ¶ 7. Petitioner was given credit for time he spent incarcerated by Maryland authorities from August 26, 2006, the date of his arrest, through September 2, 2006, the date he was released on bond. Id., ¶ 7, Attach. D (Sentence Monitoring Computation Data). Petitioner was also given credit towards his federal sentence for the time he spent in federal custody from February 21, 2007, the date of his arrest by federal authorities, through February 22, 2007, the date he was released from custody on bond. Id. Petitioner received a total of eight days of prior credit towards his sentence. Id. Based on this credit, plus Petitioner's earned and projected good time credit, Petitioner's projected date of release is May 5, 2012. Id.

## II.   DISCUSSION

In Ground 1 of his Petition, Petitioner contended that the BOP improperly refused to give him an additional 77 days of credit towards his sentence for the time he spent on home detention with electronic monitoring from the date of his sentencing on October 19, 2007, through January 4, 2008, the day of his surrender to serve his sentence. Petition, p. 5. In Ground 2, Petitioner claimed that the BOP improperly refused to give him an additional 327 days of credit towards his sentence for the time he spent on electronic monitoring and home detention from the date of his federal arrest on

3

February 21, 2007, through January 3, 2008, the day before his surrender for the service of his sentence.[2] Id., p. 11. Petitioner also alleged that the BOP has given this credit to other similarly situated inmates and that its conduct violates the Equal Protection Clause and Due Process of the Fifth and Fourteenth Amendments. Id., p. 7. In Ground 3, Petitioner requested that the Court vacate, set aside, or correct his federal sentence due to the fact that the indictment against him was based on an illegal seizure under the Fourth Amendment. Id., p. 14.[3]

In opposition, the Government submitted that the Petition should be dismissed as the Petitioner has failed to exhaust his administrative remedies. See Government Response to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Gov't Resp. Mem."), 9-11. The Government also argued that Petitioner was given all the jail credit to which he was entitled under 18 U.S.C. § 3585. Id., pp. 12-15. As to Ground 3,

---

[2]  Petitioner indicated that if the Court granted the relief sought in Ground 2, the relief sought in Ground 1 could be disregarded. Petition, p. 11.

[3]  This Court notes that to the extent Petitioner is suggesting that his civil rights have been violated by the BOP's failure to provide him with the administrative remedy index and responses for the whole BOP, by the denial of access to legal materials, the denial of mailing of his requests for relief in violation of the First Amendment, and retaliation against him for exercising his constitutional rights (Petition, pp. 7, 8, 11, 14), the present habeas petition is not the appropriate vehicle for relief, as the federal habeas corpus statutes provide a remedy only for prisoners who are challenging the fact or duration of their confinement. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996)("Where [a] petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ."). This is not to say, however, that there are no legal remedies of any kind for the claims that Petitioner is attempting to assert. If he believes that his rights under federal law or the Constitution have been violated, he may be entitled to seek relief in a prisoner civil action.

Petitioner also made a request for the appointment of counsel, based in part to his mental handicap. See Petition, pp. 7, 14. This request was previously addressed and denied by the Court. See February 26, 2010 Order [Docket No. 5].

the Government argued that any challenge to Petitioner's conviction or the validity of his sentence should have been brought under 28 U.S.C. § 2255 before the sentencing court in the United States District Court, District of Maryland. Id., p. 3 n. 3. The Government also sought the dismissal of Eric Holder, Attorney General of the United States and Mr. Lapin, Director of FBOP, as they are not proper respondents. Id., p. 9.

### A. Proper Respondents

The only proper respondent in a habeas corpus petition under 28 U.S.C. § 2241 is the inmate's custodian, which is the warden of the facility where the inmate is confined. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) ("We summed up the plain language of the habeas statute over 100 years ago in this way: '[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.'") (quoting Wales v. Whitney, 114 U.S. 564, 574 (1885)). As such, Eric Holder, Attorney General of the United States, and Mr. Lapin, Director of FBOP, are not proper respondents in this case and should be dismissed.

### B. Exhaustion of Administrative Remedies

Respondents argued that the Petition should be dismissed on the grounds that Petitioner has not exhausted his administrative remedies. See Govt. Resp. Mem., pp. 9-16.[4] Petitioner disagreed, submitting that his ability to exhaust has been impaired by

---

[4] Respondents' exhaustion argument focused on Grounds 1 and 2. In this regard, while Petitioner properly filed an institutional complaint with the Warden of FMC Rochester and appealed the denial of that complaint to the North Central Regional Office, he did not appeal the denial of that appeal to the Central Office. See Buege Decl., ¶¶ 13 14. Respondents did not address Ground 3. However, as this Court has concluded that it cannot entertain this aspect of the Petition, (see section II.D, infra), it need not address the exhaustion argument as to Ground 3.

the BOP, including its refusal to provide him with the Administrative Remedy Index and responses for the whole BOP, and to process letters seeking relief to the Attorney General, the Director of the BOP, the Warden of FMC Rochester and his case manager. See Petition, pp. 6, 7, 12, 14, 16.

Generally, federal prisoners must exhaust all available administrative remedies before seeking federal habeas corpus relief under 28 U.S.C. § 2241. See, e.g., United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam); Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993); Leighnor v. Turner, 884 F.2d 385, 387-88 (8th Cir. 1989). However, where the concept of exhaustion is judicially created and not mandated by statute, "sound judicial discretion governs." McCarthy v. Madigan, 503 U.S. 140, 144 (1992); see also Lueth v. Beach, 498 F.3d 795, 797 n. 3 (8th Cir. 2007) (finding failure to exhaust does not affect court's ability to decide case where "the exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional").

In determining whether Petitioner should be required to exhaust his administrative remedies, courts exercise their discretion by "balanc[ing] the interests of the individual in retaining prompt access to a federal forum against countervailing institutional interests favoring exhaustion." McCarthy, 503 U.S. at 146. Exhaustion is required because it both protects administrative agency authority and promotes judicial economy. Id. at 144-45. In McCarthy, however, the Supreme Court identified several possible exceptions to the general rule that exhaustion is required, one of which was "where the administrative body is shown to be biased or has otherwise predetermined the issue before it." Id. at 148. Here, the BOP has already has made clear that it will not give Petitioner any credit towards his sentence for the time he spent under home

6

confinement based on 18 U.S.C. § 3585 and Program Statement 5880.28, along with the holding of the United States Supreme Court in Reno v. Koray, 515 U.S. 50 (1995). As such, the issue raised by the Petition has already been predetermined and there is nothing before this Court to suggest that the BOP would change its mind if Petitioner had followed the administrative remedy procedure.

Further, waiver of the exhaustion requirement does not implicate the institutional interests protected by the general rule. First, the rule protects agency power by giving it "the opportunity to apply its expertise, exercise the discretion delegated to it by Congress, and correct its own alleged errors . . . ." United States v. Dico, Inc., 136 F.3d 572, 576 (8th Cir. 1998). The BOP has had ample opportunity to apply its expertise and exercise its discretion since its issuance of the February 21, 1992 Program Statement 5880.28, where it, in reliance on Koray, supra, concluded that home confinement or electronic monitoring as a condition of bond cannot be credited to a pending sentence. See Declaration of Bernetta Miller, Ex. A (Program Statement 5880.28), p. 1-14G. There is nothing before this Court to suggest that the BOP has an interest in altering its position or correcting the "errors" alleged by Petitioner in this case, especially as it relates to prison credit for his home confinement.

Second, while the rule of exhaustion promotes judicial economy by allowing the agency to fully develop a factual record for judicial review, as well as to aid the court in understanding technical matters (see Dico, 136 F.3d at 576 (citations omitted)), neither rationale are applicable here. The facts of this case are undisputed, and the issue is one of statutory interpretation which is unaffected by any technical matters uniquely within the BOP's area of expertise or by the facts of the case. The institutional interests protected by the exhaustion requirement carry little to no weight in this case.

7

In sum, habeas petitioners can be excused from the exhaustion requirement if proceeding through the administrative remedy process would undoubtedly be an exercise in futility that could serve no useful purpose. See Elwood v. Jeter, 386 F.3d 842, 844 n. 1 (8th Cir. 2004) (exhaustion requirement waived based on government's concession that "continued use of the [administrative] grievance procedure to contest the validity of the BOP's new policy would be futile."); Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004) (finding that a court may waive the exhaustion requirement for a § 2241 petition to prevent prejudice caused by unreasonable delay or when an agency has predetermined an issue).

This Court does not condone Petitioner's failure to fully exhaust his administrative remedies as to Grounds 1 and 2. Nevertheless, because this case falls within one of the exceptions to the general rule articulated by the Supreme Court, and because the balancing of interests favors Petitioner's interests in having the issue promptly decided over the institutional interests protected by the exhaustion requirement, the Court waives the exhaustion requirement and reaches the merits of Petitioner's claim.

### C. Credit for Home Confinement Prior to Sentence

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is a proper means for challenging the BOP's computation of jail credit. United States v. Tinsdale, 455 F.3d 885, 888 (8th Cir. 2006); see also Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002) ("A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court.") (citation omitted).

This Court concludes that the BOP properly calculated Petitioner's credit against his sentence.

Section 3585 of Title 18 to the United States Code, provides as follows:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent <u>in official detention</u> prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.[5]

In <u>Reno v. Koray</u>, <u>supra</u>, the United States Supreme Court dealt with a petitioner who had been sentenced to imprisonment and remained at a community center for 150 days, until he reported to serve his sentence at a federal prison camp. 515 U.S. at 53. The petitioner requested that the BOP credit the 150 days spent at the community center count towards his sentence and the BOP denied that request. <u>Id.</u>

The Supreme Court concluded that § 3585(b) must be construed in light of the Bail Reform Act of 1984, 18 U.S.C. § 3141 <u>et</u> <u>seq</u>., and that there are only two choices that are allowed to a court under this Act with regard to a defendant who has been

---

[5] Petitioner argued that 18 U.S.C. § 3585(b) is inapplicable to his case because it only addresses pre-trial status. <u>See</u> Petition, p. 4. However, the plain language of the statute provides that § 3585(b) addresses credit for official detention "prior to the date the sentence commences."

9

charged and is awaiting trial or who has been convicted and waiting the execution of their sentence: either "(1) 'release' the defendant on bail or (2) order him 'detained' without bail." Koray, 515 U.S. at 57. The Supreme Court determined that "official detention" under § 3585 (a) and (b) refers "to a correctional facility designated by the Bureau for the service of federal sentences, where the Bureau retains the discretion to 'direct the transfer of a prisoner from one penal or correctional facility to another.'" Id. at 58 (quoting 18 U.S.C. § 3621). By extension, the Supreme Court then established that "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility,' § 3621(b), and who were subject to BOP's control." Id. at 58. If a defendant is not detained in a penal or correctional facility and subject to the BOP's control, then they are released for the purposes of § 3585(b), "no matter how restrictive the conditions" are on release. Id. at 57, 60. Based on these determinations, the Supreme Court held that the time spent by the petitioner at the community center while released on bail pursuant to Bail Reform Act of 1984 was not "official detention" for the purposes of § 3585(b), and therefore, he was not entitled to a credit against his sentence for imprisonment. Id. at 65.

In this case, Petitioner was subjected to home confinement with electronic monitoring, but was not detained in a penal or correctional facility, nor was he subject to BOP's control. As such, this Court finds that Petitioner was not under "official detention" for the purposes of § 3585(b), regardless of how restrictive the home confinement may have been, and no credit for the time he spent released on bond prior to his commitment to FCI Morgantown, can be applied towards his sentence. See Knight v. United States, NO. 95-2192, 68 F.3d 478, 1995 WL 573423 at *1 (8th Cir. Sept. 29, 1995) ("Regardless of the conditions to which Knight was subjected, he was not

detained at a penal or correctional facility, and thus cannot receive credit toward his sentence for the time he spent released on bail.") (citation omitted); see also Villasenor v. Caraway, NO. CIV. 05-828 (RHK/JSM), 2006 WL 1662919 at *2 (D. Minn. June 14, 2006) ("Koray clearly shows that Petitioner is not entitled to any credit toward his sentence for time spent in home confinement before his sentencing."); Wallace v. Morrison, NO. 05-435 (JNE/SRN), 2006 WL 1579854 at *3 (D. Minn. June 01, 2006) ("Because Petitioner was not in official detention, he is not entitled to any sentence credit for the time he spent on home confinement before he began serving his current sentence.").[6]

For all of the reasons stated above, Grounds 1 and 2 of the Petition should be dismissed.[7]

### D. Vacating, Setting Aside, or Correcting Petitioner's Federal Sentence Due to an Alleged Illegal Seizure

In Ground 3 of the Petition, Petitioner asked that the Court vacate, set aside, or correct his federal sentence due to the fact that the indictment against him was based

---

[6] Petitioner cited to an Eighth Circuit case, Moreland v. United States, 968 F.2d 655 (8th Cir. 1992), for the proposition that post-sentencing defendant is in the custody of the United States Attorney General for the purposes of receiving credit. See Petition, p. 5 of 18. This Court notes that Moreland was decided before the Supreme Court's decision in Koray. Further, the Eighth Circuit in Moreland dealt with a set of facts where the credit for the time the petitioner spent in a community facility between sentencing and serving his sentence was not at issue in the case. 968 F.2d at 656, n. 2.

[7] With regards to Petitioner's equal protection claim, Petitioner has not pointed to any other individual or group of individuals serving sentences who received credit for pre-sentence home confinement. Further, even if Petitioner had identified any other similarly situated inmate, he has not demonstrated that the allegedly unequal treatment was the result of intentional or purposeful discrimination. See Phillips v. Norris, 320 F.3d 844, 848 (8th Cir. 2003) (citing Klinger v. Dep't of Corr., 31 F.3d 727, 733 (8th Cir.1994)).

11

on an illegal seizure under the Fourth Amendment, as there was no probable cause for his traffic stop.

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court where he was sentenced pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Section 2255(e) provides:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration. . . under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (citation omitted). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of ... [his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), (quoting 28 U.S.C. § 2255); see also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it

applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

Ground 3 must be dismissed for three reasons. First, it is apparent that Petitioner is challenging the validity of his plea and sentence imposed by the trial court in his 2007 federal criminal case in Maryland. Because Petitioner is directly challenging the legality of his plea and sentence, his current habeas corpus petition is barred by § 2255's exclusive remedy rule.

Second, while in some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255 and then transferred to the trial court judge so the prisoner's claims can be addressed on the merits before the judge, here, Petitioner is precluded from seeking relief under § 2255 because he has already sought relief under § 2255 once before. On July 2, 2008, Petitioner filed a petition under § 2255 to vacate, set aside or correct his sentence on grounds that his attorney was ineffective. See United States v. White, 07-cr-00101-AMD, Civil Action 09-1731 (D. Md.) [Docket Nos. 1, 31]. This § 2255 petition was dismissed and the Fourth Circuit Court of Appeals denied the certificate of appealibility and dismissed the appeal. Id. [Docket Nos. 31, 37-1]. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), cannot be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255(h). Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996);

13

see also Boykin v. United States, No. 99-3369, 242 F.3d 373, 2000 WL 1610732 at *1 (8th Cir. 2000). Petitioner did request pre-authorization order from the Fourth Circuit Court of Appeals to file a successive § 2255 petition, but the request was denied. United States v. White, 07-cr-00101-AMD, Civil Action 09-1731 (D. Md.) (Order dated Aug. 20, 2009) [Docket No. 48]; see also In re White, 09-230 (4th Cir.) (Order dated Aug. 20, 2009) [Docket No. 4]. Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion, and transfer this matter to the District of Maryland.

Third, in order for a federal prisoner to invoke the savings clause and seek habeas corpus relief under § 2241, the petitioner must show that he had no earlier procedural opportunity to present their claims"—i.e., prior law prevented a petitioner from successfully raising the claim. Abdullah v. Hedrick, 392 F.3d 957, 962-63 (8th Cir. 2004). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule to Ground 3, the Court finds that Petitioner is not eligible for relief under § 2241 via the § 2255 savings clause because he did have a reasonable opportunity to bring his Fourth Amendment illegal seizure claim in the § 2255 habeas petition he previously filed in the District Court of Maryland.[8] No evidence was presented by Petitioner to suggest that he was somehow precluded from challenging the probable cause for the traffic stop in his first § 2255 petition or that the law on

---

[8] In this matter, Petitioner asserted an ineffective assistance of counsel claim based in part on his counsel's failure to seek suppression of the drugs and firearm which were seized as a result of an illegal search of his bedroom. See United States v. White, 07-cr-00101-AMD, Civil Action 09-1731 (D. Md.) (Memorandum dated October 9, 2008) [Docket No 31].

14

probable cause for a traffic stop has changed since he filed that petition. Further, Petitioner cannot show an inadequate or ineffective remedy simply because a court of appeals denied him permission to file successive petition. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted) (finding that § 2255 will not be viewed as inadequate "merely because . . . petitioner has been denied permission to file a second or successive § 2255 motion."); see also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"). As the Eighth Circuit Court of Appeals explained in Abdullah:

> [T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed."

392 F.3d at 963 (quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)).

In short, it was Petitioner's actions – not a shortcoming in the remedy provided by § 2255 – that has prevented him from raising his Fourth Amendment claim in a § 2255 motion. The savings clause is not available for Petitioner's claim, and it cannot be entertained in a § 2241 habeas corpus petition.

For all of these reasons, Ground 3 cannot be entertained by this Court and should be dismissed.

### E. Petitioner's Motion for Summary Judgment

Petitioner argued that he is entitled to summary judgment on all three grounds of his Petition and that he should be released from custody because Respondents failed to make a timely response to his Petition pursuant to 28 U.S.C. § 2243. See Pro-Se

Motion for Summary Judgment / Time Default / pursuant to 28 U.S.C. § 2243 [Docket No. 7].

28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto. <u>The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed</u>.
>
> The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

28 U.S.C. § 2243 (emphasis added).[9]

Rule 4 of the Rules Governing 2254 Case in the United States District Courts, which also applies to § 2241 cases (see <u>Mickelson v. United States</u>, No. CIV. 01-1750 (JRT/SRN), 2002 WL 31045849 at *2 (D. Minn. Sept. 10, 2002) (citation omitted)), provides for no fixed time for ordering a response to a petition. See Rule 4 ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."). The purpose of this Rule is to give the court discretion to take into account various factors that may bear on the ability of the Government to answer the petition. See Advisory Committee Notes (1976)[10] In light of the time that it takes the Government to obtain the

---

[9] Petitioner submitted that under § 2243, Respondents had ten days to respond to his Petition as Respondents were more than 20 miles but less than 100 miles from the United States federal courthouse. This provision was removed from § 2243 in 1948 and is no longer good law.

[10] The Rule 4 Advisory Committee Notes provide in relevant part:

necessary materials to respond to and draft a meaningful response to a habeas petition, the District of Minnesota has adopted the practice of automatically providing Respondents 30 days to respond to a habeas petition.[11]

Consistent with this District's practice, on February 26, 2010, this Court issued an Order to show cause to Respondents, directing them "to make a return in writing within 30 days from the date of this order, certifying the true cause of Petitioner's detention and the proper length of his confinement, and showing cause why the writ should not be granted." February 26, 2010 Order [Docket No. 5]. On March 29, 2010, within 30 days of the Order to show cause, Respondents filed their response to the Petition. See Docket No 10. As Respondents complied with this Court's Order, Petitioner's motion for summary judgment should be denied.[12]

In summary, because Respondents complied in a timely manner with this Court's Order to show case, Petitioner's motion for summary judgment should be denied.

---

> Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made.

Rule 4 Advisory Committee Notes (1976).

[11] The Court could deviate from that practice when the relief sought in the petition, if granted, could result in the petitioner being released from prison in less than the 30 days provided by the Order to Show Cause. In this case, however, even if this Court had determined that Ground 2 was meritorious and that Petitioner was entitled to 327 days of credit, as requested, he would not be released from prison until sometime in June of 2011.

[12] Even if this Court determined that Respondents had not timely responded to the Petition, and had not accepted their filing, the Court would have performed its own analysis to determine the merits of Petitioner's claims and would have reached the same conclusions it has reached in this Report and Recommendation with respect to the Petition.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner Christopher D. White's application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 1] be **DISMISSED WITH PREJUDICE**.

2. Petitioner Christopher D. White's Pro-Se Motion for Summary Judgment / Time Default / pursuant to 28 U.S.C. § 2243 [Docket No. 7] be **DENIED**.

Dated: November 18, 2010

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

### NOTICE

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 2, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.